IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HAROLD L. PLESS,                )
                                )
        Plaintiff,               )
                                )
    v.                           )           1:12CV94
                                )
DET. GARY P. WATKINS,            )
                                )
        Defendant.               )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Defendant Det. Gary P. Watkins's Motion for Judgment on the Pleadings (Docket Entry 14) and Plaintiff's filing styled as a "Motion to Amended Pleading Local Rule 37.1(b)(4)(5) [sic]" (Docket Entry 19). For the reasons that follow, Plaintiff will have a chance to amend his Complaint and the Court should deny Defendant Watkins's instant Motion for Judgment on the Pleadings.

Plaintiff commenced this case by filing a pro se form Complaint under 42 U.S.C. § 1983 against Defendant Watkins asserting various wrongs, including that Defendant Watkins searched Plaintiff's house without a warrant and used "brutal force" to coerce Plaintiff into signing an application authorizing the taking of a DNA sample. (Docket Entry 2-2 at 3.) Before Defendant Watkins answered, Plaintiff filed a document he styled as a "Motion to Amended Complaint" (Docket Entry 6), in which he listed "Det.

Hyatt" in the caption (along with Defendant Watkins) and asserted, inter alia, that Defendant Watkins and putative defendant Hyatt "extorted a false statements [sic] from the state witness . . . [which they] offered before the Grand Jury to bring about the indictment of the Plaintiff [knowing it] to be false" (id. at 2). The undersigned Magistrate Judge denied the foregoing "Motion to Amended Complaint" as "moot because, at th[at] procedural stage (i.e., before Defendant [Watkins] ha[d] filed a responsive pleading), Plaintiff c[ould] amend his Complaint without the Court's approval." (Docket Entry 11 at 1 (citing Fed. R. Civ. P. 15(a)(1)(B)).) That Order, however, did not make clear that Plaintiff needed to file an amended complaint. (See id. at 1-2.)

Defendant Watkins thereafter answered (Docket Entry 10) and filed his instant Motion for Judgment on the Pleadings (Docket Entry 14). In support of his request for dismissal, Defendant Watkins argued that:

1) "Plaintiff has failed to plead facts sufficient to support any claim of constitutional violation or federal law sufficient to withstand dismissal" (Docket Entry 15 at 5);

2) "Defendant [Watkins] is entitled to sovereign immunity" on any claims brought against him in his official capacity (id. at 7);

3) all claims "against Detective Watkins in his individual capacity should be dismissed based on the defense of qualified

2

immunity" (id. at 8); and

4) Defendant Watkins is entitled to judgment as a matter of law based on North Carolina's doctrine of public officer immunity (id. at 9-10).

For his part, Plaintiff filed a "Discovery Plan" (Docket Entry 16), an opposition to Defendant Watkins's instant Motion for Judgment on the Pleadings (Docket Entry 17), and the instant "Motion to Amended Pleading Local Rule 37.1(b)(4)(5) [sic]" (Docket Entry 19). In addition, although Local Rule 16.1(a) exempted this case from Federal Rule of Civil Procedure 26(f)'s meeting mandate, the parties nonetheless conferred and agreed on a discovery schedule (Docket Entry 18), which the Court adopted (Docket Entry 20 at 2). In light of that development, the undersigned Magistrate Judge solicited comment from Defendant Watkins as to whether he still sought a ruling on his instant Motion for Judgment on the Pleadings. (Id.) In addition, because Defendant Watkins did not file a timely response to Plaintiff's instant "Motion to Amended Pleading Local Rule 37.1(b)(4)(5) [sic]," but Plaintiff failed to include a certificate showing service of said filing on Defendant Watkins, the undersigned Magistrate Judge also requested information from Defendant Watkins as to whether he consented to the proposed amendment. (Id.) Defendant Watkins subsequently made filings (Docket Entries 22, 23), asserting that he still sought a

3

ruling on his instant Motion for Judgment on the Pleadings and that he opposed amendment of the Complaint.

As to Defendant Watkins's instant Motion for Judgment on the Pleadings, the undersigned Magistrate Judge observes that, although much of Plaintiff's Complaint and the proffers in his motions seeking leave to amend consist of legal conclusions and generalized assertions, Plaintiff's allegations regarding the search of his home without a warrant, the use of force to coerce his assent to the taking of a DNA sample, and the knowing presentation of false evidence to a grand jury suffice to state claims against Defendant Watkins and putative defendant Hyatt. Moreover, because, at all relevant times, it was clearly established that searching a house without a warrant, using force to coerce consent to the taking of a DNA sample, and providing false evidence to a grand jury was unlawful, Defendant Watkins and putative defendant Hyatt would not be entitled to qualified immunity as a matter of law at this stage of the proceedings. In addition, Defendant Watkins has failed to cite any authority that state law sovereign immunity principles would protect the municipal employer of Defendant Watkins and putative defendant Hyatt from liability for any official capacity claim against said officers under Section 1983 or that state law public officer immunity doctrines would insulate Defendant Watkins and putative defendant Hyatt from liability for any individual

4

capacity claim under Section 1983.

In light of the foregoing considerations, the Court should not enter judgment on the pleadings against Plaintiff. Further, given that Plaintiff manifested an intent to amend his Complaint at a time at which he could do so without the Court's permission and that the undersigned Magistrate Judge failed to give Plaintiff clear directions regarding what steps he needed to take to accomplish that objective, Plaintiff will be afforded an opportunity to file an amended complaint. That fact and the fact that the parties have agreed to commence discovery both also support denial of Defendant Watkins's instant Motion for Judgment on the Pleadings without prejudice to the presentation of the same or similar arguments in connection with a dispositive motion filed at the conclusion of discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Amended Pleading Local Rule 37.1(b)(4)(5) [sic]" (Docket Entry 19) is **GRANTED** in that the Clerk shall send Plaintiff the forms and instructions for filing a Section 1983 action and, by September 21, 2012, Plaintiff shall return to the Clerk for filing the new complaint form in the following condition:

1) labeled at the top as "Amended Complaint" with the case number for this case;

2) properly completed according to all instructions, including

identification of all Defendants; and

3) with all claims and/or requests for relief against each properly-named Defendant clearly set out.

**IT IS FURTHER ORDERED** that, within seven days of the filing of the foregoing "Amended Complaint," counsel for Defendant Watkins shall file a Notice stating whether said counsel will represent the additional Defendant(s) named in the Amended Complaint and will accept service of process on behalf of said additional Defendant(s), which the Court then will effect via the CM/ECF system.

**IT IS RECOMMENDED** that Defendant Watkins's Motion for Judgment on the Pleadings (Docket Entry 14) be denied without prejudice to submission of the same or similar arguments in connection with a dispositive motion at the conclusion of the discovery period.

This the 21st day of August, 2012.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
