UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:12-CV-94

| | |
|---|---|
| HAROLD L. PLESS, SR. ) | |
| ) | |
| Pro Se Plaintiff, ) | |
| ) | **DEFENDANTS WATKINS'** |
| ) | **AND HYATT'S** |
| DET. GARY P. WATKINS, ) | **TRIAL BRIEF** |
| DET. JENNIFER HYATT, ET. AL. ) | |
| and TEN UNKNOWN ) | |
| ) | |
| Defendants. ) | |

NOW COME Det. Gary P. Watkins and Det. Jennifer Hyatt (Defendants), by and through the undersigned, and respectfully submit this Trial Brief.

## STATEMENT OF THE CASE

Plaintiff filed his Complaint on January 24, 2012 alleging various forms of "unlawful behavior" including but not limited to, ""trespass[ing] under color of law" and "giving fictitious information" which "deprived [Plaintiff] of the protection of the federal constitution". Although Plaintiff's claims are not entirely clearly, it appears as though Plaintiff attempted to assert a § 1983 claim as well as a general negligence claim against the individual Defendants. Following completion of discovery, on May 6, 2013, Defendants moved for summary judgment, which is pending before the Court. Plaintiff has filed his Response to Defendants' Motion for Summary Judgment and did not include any supporting affidavits.

## STATEMENT OF THE FACTS

This case arises out of Plaintiff's April 15, 2011 arrest in Cabarrus County on charges of Second Degree Rape, Second Degree Sexual Offense, and Sexual Battery. Plaintiff's lawsuit stems from the alleged unlawful behavior of the Defendant Kannapolis Police Department

detectives during their arrest and investigation of Plaintiff.

On April 15, 2011, Sergent Smith of the Kannapolis Police Department notified Detective Watkins that Plaintiff was under investigation for the sexual assault of a minor female and asked that Defendants assist with the investigation. Defendants reviewed the incident report and began their investigation by going to the emergency room to interview the victim and the victim's mother. Defendants' investigation led them to believe that there was probable cause to arrest Plaintiff for sexual assault; therefore, they presented the details of their investigation to a Cabarrus County Magistrate Judge. The Magistrate Judge also concluded that there was probable cause and issued a Warrant for Arrest.

A Warrant for Arrest was issued and Plaintiff was arrested and taken to the Kannapolis Police Department. Plaintiff then voluntarily signed a waiver of rights and gave a verbal statement. Plaintiff consented to a DNA sample and signed the DNA consent form in the presence of both Defendants. It was later determined that said DNA sample matched the DNA profile found on a shirt obtained from the sexual assault victim. There is no evidence in the record that contradicts the Arrest Warrant, Waiver of Rights, or DNA Consent Form, which are all part of the record in the instant case. Nevertheless, Plaintiff alleges various vague allegations regarding conspiracy, willful and wanton conduct, illegal search and seizure, and malicious charges.

In his Complaint, Plaintiff also makes vague allegations of Defendants intercepting his mail and wire-tapping his communications. It is reasonable to believe that these allegations stem from the recorded jail visit between Plaintiff and the sexual assault victim which resulted in Plaintiff pleading guilty to Intimidation of a Witness and Obstruction of Justice. Of note, the jail visit took place at the Cabarrus County Jail, and neither of the Defendants were present nor are

they or were they ever employed by the Cabarrus County Sheriff or Jail in their capacity as Kannapolis Police Officers. There is no evidence in the record indicating that the Defendants were present or participated in any wire-tapping, mail interception, or further contraventions of the justice system.

In sum, all of Plaintiff's allegations in the instant case stem from his April 15, 2011 arrest which led to his subsequent guilty plea and sentencing. Plaintiff's allegations are not entirely clear; but out of an abundance of caution, it appears Plaintiff may be asserting three causes of action against the Defendants:

1. That Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution by conducting an unreasonable search and seizure;

2. That Defendants deprived Plaintiff of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution by compelling Plaintiff to testify against himself and by coercing Plaintiff to consent to DNA testing;

3. That Defendants deprived Plaintiff of his right to equal protection of the laws under the Fourteenth Amendment to the Constitution by various unintelligible actions and "unlawful" behaviors;

Defendants deny that they violated Plaintiff's rights and further deny any and all other unlawful behavior as may be alleged by Plaintiff. Defendants argue that Detectives Watkins and Hyatt, in their official capacities, are protected by the doctrine of qualified immunity since their conduct was objectively reasonable. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). In their individual capacity, Detectives Watkins and Hyatt are also entitled to qualified immunity because there is no evidence of violation of a constitutional right and there is no evidence of indicating that any such right was clearly established at the time in which the Defendants

arrested Plaintiff. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Clem v. Corbeau, 284 F.3d 543, 549 (4th Cir. 2002). In addition, to the extent that Plaintiff seeks damages for alleged violation of Plaintiff's rights under the North Carolina State Constitution, Defendants, in their individual capacities, are protected by public official immunity. Corum v. University of North Carolina, 330 N.C. 761, 413 S.E.2d 276 (l992); Barnett v. Karpinos, 119 N.C. App. 719, 728 (1995). Also, Defendants, in their official capacities, are protected by governmental/sovereign immunity with regard to any state tort claims as all allegations in this case occurred when Defendants were performing a governmental function. Vest v. Easley, 145 N.C.App. 70, 549 S.E.2d 568 (2001); Kephart v. Pendergraph, 131 N.C. App. 559, 563, 507 S.E.2d 915, 918 (1998).

Finally, Plaintiff is judicially estopped from prevailing on (and even from asserting) the claims at issue in the instant case as they all arise out of his alleged unconstitutional conviction and sentencing and Plaintiff's convictions and corresponding sentences have not been reversed, expunged, invalidated, or impugned. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice.

This the 7th day of June, 2013.

**CRANFILL SUMNER & HARTZOG LLP**

BY: **/s/ Kelly Beth Smith**
PATRICK H. FLANAGAN, State Bar No. 17407
KELLY BETH SMITH, State Bar No. 43221
Attorneys for Defendant Watkins and Hyatt
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone:(704) 332-8300
Facsimile: (704) 332-9994
E-mail: phf@cshlaw.com
E-mail: ksmith@cshlaw.com

429987 v1

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **DEFENDANTS' TRIAL BRIEF** on all of the parties to this cause by electronically filing the foregoing with the Clerk of Court using the CM/ECF system and depositing a copy of such filing in the United States Mail, first-class postage prepaid addressed as follows:

> Mr. Harold Pless
> 3218 Cedarhurst Drive
> Charlotte, NC 28269

This the 7th day of June, 2013.

**CRANFILL SUMNER & HARTZOG LLP**

BY:     **/s/ Kelly Beth Smith**
PATRICK H. FLANAGAN, State Bar No. 17407
KELLY BETH SMITH, State Bar No. 43221
Attorneys for Defendants Watkins and Hyatt
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
E-mail: phf@cshlaw.com
E-mail: ksmith@cshlaw.com

429987 v1