IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HAROLD L. PLESS, SR.,            )
                                 )
        Plaintiff,                )
                                 )
    v.                            )    1:12-CV-94
                                 )
DET. GARY WATKINS, et al.,       )
                                 )
        Defendants.               )

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment, (Doc. 38), and Plaintiff's Countermotion for Summary Judgment. (Doc. 47.) Defendants' motion is supported by two affidavits and numerous documents. Plaintiff has submitted no evidence. The Court will grant Defendants' motion and deny Plaintiff's motion.

In the complaint and amended complaint, Plaintiff Harold Pless makes various allegations related to his arrest on April 15, 2011. Mr. Pless alleges that he was arrested without a warrant, that his DNA was taken without his consent, and that his telephone conversations were recorded without his permission, among other allegations related to criminal charges for second degree rape.

Defendants have offered documentary and testamentary evidence that Mr. Pless was arrested only after an arrest warrant was issued by a judicial official in Cabarrus County, that Mr. Pless consented to the taking of his DNA, that none of the named defendants had anything to do with the recording of his telephone conversations while he was in jail, and that Mr. Pless pled

guilty to sexual battery, intimidating a witness, and felony obstruction of justice. There is no evidence to the contrary.

Defendants' motion should be granted. Defendants have offered sufficient evidence in support of their motion, and Mr. Pless has offered no evidence to contradict Defendants' evidence. There are no disputed questions of material fact.[1]

Mr. Pless contends that the motion should be denied because it was not timely. As the Court has previously found, the motion was not timely and indeed was filed over three months past the deadline. (*See* Doc. 41.) The Court requested an explanation from defense counsel, Kelly Beth Smith and Patrick Flanagan of the firm Cranfill, Sumner, & Hartzog. In response to the Court's inquiry, defense counsel cites "clerical error" without providing any detail and pleads excusable neglect. Defendants have not made a showing of excusable neglect, as the assertion of a "clerical error" is merely a conclusion and smacks of an attempt by counsel to put their own mistake off on a non-lawyer.

The Court has the authority to "make such orders as are just under the circumstances of the case" when a party fails to comply with a local rule. L.R. 83.4(a). Presumably, the Court could deny an untimely summary judgment motion simply because it is untimely, and indeed the Local Rules explicitly state that the Court is not obligated to reach an untimely summary judgment unless it can do so without delaying the trial. L.R. 56.1(g). Fortunately for the

---

[1] Mr. Pless was detained pre-trial when he filed this lawsuit, and *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) would have barred his claims then. *See, e.g.*, *Barr v. Battiste*, No. C A 206-2284-CMC-RSC, 2006 WL 2639878, at *3 (D.S.C. Sept. 8, 2006). However, after he filed suit, Mr. Pless was sentenced to a term of 150 days and given credit for 363 days already served, (Doc. 39-1 at 2), and he is no longer confined. *Cf. Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (holding that *Heck* does not bar § 1983 suit where "a prisoner could not, as a practical matter, seek habeas relief"). Arguably, his claim is barred by *Heck,* but the Court need not reach that issue in view of the lack of evidence offered by the plaintiff on the merits.

2

defendants and for the jurors who would have had to come to court to hear the matter, this was a simple summary judgment motion and the Court was able to resolve it before trial. Even in the absence of a good excuse for the untimely motion, the Court concludes that under the circumstances of this case, refusal to rule on the motion is not required.

Nonetheless, the untimely motion was not without its costs. Timely notice and filing of a motion for summary judgment serves many purposes. Among others, such notice and timely filing insures that the Court has time to review the motion before the trial date and provides a predictable structure for the parties as they make decisions about when and if to expend further resources on trial preparation. Late-filed motions can mean litigants and lawyers spend unnecessary time on trial preparation. They increase costs to the parties and pointlessly consume scarce court resources. They can result in unnecessary trials.

All but the unnecessary trial happened in this case. Because the matter was simple, a timely motion could have been resolved months ago. Instead, solely because of the untimely motion, Clerk's office staff were required to place the matter on a trial calendar, schedule the case for settlement conference, and arrange for juror availability. The plaintiff, the defendants' insurer, and the Court had to attend a settlement conference[2] as the case approached the trial date, which also required the presence of a court reporter, a courtroom deputy, and courtroom security. Defense counsel has had to undertake unnecessary trial preparation, potentially at the expense of the defendants. No doubt the plaintiff and the defendants have personally spent unnecessary time on trial preparation; the Court notes that the defendants are law enforcement officers and suspects that the time they had to spend away from their regular responsibilities was not without cost to them or their employer.

---

[2] For reasons not explained to the Court, the named defendants were not present.

This was all a complete waste of time and of scarce resources caused solely by counsel's unexcused negligence. In a close or more difficult case, the parties and the Court would be trying the case, potentially wasting not only their time but the time of citizen jurors, many of whom miss work without pay to serve on a jury.

Defense counsel are cautioned to be more mindful of the Local Rules going forward. Future violations of a similar nature, by these lawyers or others in their firm, are unlikely to be viewed so lightly.

It is **ORDERED** that the Defendants' Motion for Summary Judgment, (Doc. 38), is **GRANTED** and Plaintiff's Countermotion for Summary Judgment, (Doc. 47), is **DENIED**. Any other pending motions are **DENIED** as moot.

It is **ORDERED** and **ADJUDGED** that the case is dismissed with prejudice.

This the 17th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE